UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR L. JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MACKALA, et al.,<br><br>Defendants. | CAUSE NO.: 3:19-CV-518-JD-MGG |

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, filed a complaint against ten separate defendants because he is unhappy with the circumstances under which he was arrested and the conduct of the prosecutors, defense attorneys, and judges that have been assigned to his case following his arrest. He also filed a motion seeking a temporary restraining order. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On May 17, 2017, Jordan was pulled over by Captain Andy Hynek. The stated reason for the stop was that the window tint of the vehicle appeared to violate the law,

but Jordan indicates that his window tint complied with the law. He believes the stop was the result of racial profiling. Jordan became uneasy during the stop, so he yelled back to the officer that he was going to the police station, which was around the corner. He then pulled away and drove to a gas station across from the Michigan City Police Department. He stopped his car, exited, and laid down on the ground to demonstrate that he was not resisting. He was handcuffed by Captain Hynek and picked up from the ground. Both Jordan's person and his vehicle were searched. During the search, cocaine, baggies, and scales were found. He was charged with dealing cocaine and resisting law enforcement. Those charges remain pending in the LaPorte Superior Court.

Jordan has named Judge Michael S. Bergerson, Judge Greta[1] S. Friedman, Magistrate John A. Link, and Prosecutor Elizabeth A. Boehm as defendants in this action. Jordan alleges that Magistrate Judge Link denied him the right to proceed pro-se, appointing Attorney Beal as co-counsel against his wishes, and that Magistrate Judge Link also denied him law library access. He alleges that Judge Bergerson denied him a reasonable bond. He alleges that Judge Friedman accepted his guilty plea without him being present to determine if the plea was knowingly and voluntarily made. And, he alleges that Judge Bergerson and Prosecutor Boehm should have reduced his charges to something more appropriate. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields

---

[1] Although the plaintiff named Judge Grieta S. Friedman as a defendant, the correct spelling is Judge Greta S. Freidman.

2

prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Jordan cannot proceed against Judge Michael S. Bergerson, Judge Greta S. Friedman, Magistrate John A. Link, or Prosecutor Elizabeth A. Boehm.

Jordan has also sued Attorney James Mackala and Attorney Ryan Beal, the attorneys that have represented him in his criminal case. Jordan alleges that Attorney Mackala failed to have his charges dismissed and forced him into an involuntary plea agreement. He alleges that Attorney Beal provided ineffective assistance of counsel, in that he would not provide him with discovery and denied him a speedy trial. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an

appointed public defender, the actions of the attorney are not fairly attributable to the State and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Jordan cannot state a claim against Attorney James Mackala or Attorney Ryan Beal.

Jordan has sued Captain Hynek, alleging that the stop and arrest on May 17, 2019, were unlawful. Jordan alleges that, when he was stopped, Captain Hynek indicated that he was pulling Jordan over for the tint on his windows. Jordan, however, claims that the stop was unreasonable because his windows are tinted at 20 percent all the way around and comply with the law. "Police can stop an automobile when they have probable cause to believe that the driver violated even a minor traffic law." *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006); *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016). While discovery may ultimately reveal that the stop was reasonable, giving Jordan the inferences to which he is entitled at this early stage, Jordan will be permitted to proceed on this claim.[2]

Jordan has also sued three unknown Michigan City Police Officers. It is unclear why he is suing these individuals, but this type of unnamed defendant must be

---

[2] If Jordan is convicted, this claim may be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."). While there are exceptions to *Heck*, if Jordan is convicted of the charged conduct, a decision in his favor on this claim would likely undermine the validity of his conviction. Thus, if Jordan is convicted, then he may not be permitted to proceed on this claim until his conviction is overturned. *See Collins v. Smith*, No. 12-cv-801-MJR, 2012 WL 3765135, *1 (S.D. Ill. Aug. 29, 2012)(finding that the exception to *Heck* was inapplicable where the plaintiff contended that a traffic stop was unconstitutional and he was convicted for possessing drugs that were found only because of that stop.)

4

dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Additionally, Jordan has sued Field Officer Woolum, a LaPorte County Community Corrections Field Officer. Jordan was released from jail subject to monitoring with a tracking bracelet. At some point, he was court ordered to submit to a mental competency examination for three days. When he reported for that exam, he was charged with escape, even though Woolum knew where he was. He alleges that Woolum provided false information, abused his authority, and slandered Jordan. Because it can be reasonably inferred from Jordan's allegations that Woolum knowingly provided false information for the purpose of having him arrested, Jordan may proceed on this claim. *See Clanton v. Cooper*, 129 F.3d 1147, 1154 (10th Cir. 1997)(noting that use of "a false statement knowingly and intentionally, or with reckless disregard for the truth . . . in [a] warrant affidavit" violates the Fourth Amendment).

Likewise, Jordan alleges that Bill Hackney published an article about his arrest in the News Dispatch that contained many inaccuracies. Jordan provided a copy of this article. (ECF 4.) Jordan complains that Hackney's article did not clearly indicate that Jordan had not yet been found guilty, and that the charges were merely allegations. But, the article indicates only that Jordan was "facing felony charges" and indicates that "according to sheriff's deputies" Jordan tried to drive away from a traffic stop and fled on foot. (ECF 4.) Jordan claims the article is slanderous, but it is clear the article is

reciting information provided by Captain Hynek and another officer, and there are no facts suggesting that the author of the article knew the information to be false. Slander is a type of defamation, which is a State law claim. *See Kelley v. Tanoos*, 865 N.E.2d 593, 596–97 (Ind. 2007). Under Indiana law, for a claim of defamation, "a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Hamilton v. Prewett*, 860 N.E.2d 1234, 1243 (Ind. Ct. App. 2007). Here, Jordan has pled no facts suggesting that Hackney acted with malice. Therefore, Jordan will not be permitted to proceed against Hackney.

Finally, the court must address Jordan's request for a temporary restraining order. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Furthermore, under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer*, 682 F.3d at 683 (quotation marks, brackets, and citations omitted).

Here, Jordan's motion for a temporary restraining order does not indicate what injunctive relief he is seeking. His complaint seeks reasonable bond, fair charges, an order barring the defendants from practicing law, and a ban against holding a position with any law enforcement agency. Jordan has only been granted leave to proceed against Captain Hynek and Field Officer Woolum on claims for monetary damages. He has not been granted leave to proceed against Captain Hynek or Field Officer Woolum for injunctive relief. The only request for injunctive relief included in the complaint that could be applicable to Captain Hynek and Field Officer Woolum is the request to be banned from serving with a law enforcement agency. That relief, however, is not warranted here – much less now, in the form of a temporary restraining order. Jordan has not detailed any threats related to his claims against Captain Hynek or Field Officer Woolum that would cause him to suffer irreparable harm in the absence of an injunction, and he has not demonstrated that he is reasonably likely to succeed on the merits of these claims.

To the extent that Jordan is trying to obtain an order declaring that his rights are being violated in his ongoing state criminal case such that he is being wrongfully

incarcerated, this type of relief cannot be obtained in a civil rights action; instead such relief can only be pursued in the pending criminal case or in a habeas proceeding under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). Accordingly, his request for a temporary injunction must be denied.

For these reasons, the Court:

(1) DENIES Victor Lee Jordan's motion seeking a temporary restraining order (ECF 11);

(2) GRANTS Victor Lee Jordan leave to proceed against Captain Andy Hynek in his individual capacity for monetary damages for conducting a traffic stop on May 17, 2019, in violation of the Fourth Amendment;

(3) GRANTS Victor Lee Jordan leave to proceed against Field Officer Woolum in his individual capacity for monetary damages for causing him to be arrested for escape in the absence of probable cause, in violation of the Fourth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES James Mackala, Michael S. Bergerson, Ryan Beal, Greta S. Friedman, John A. Link, Elizabeth A. Boehm, Bill Hackney, and three unknown Michigan City Police Officers;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Captain Andy Hynek at the LaPorte County Sheriff's Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Field Officer Woolum at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), Captain Andy Hynek and Field Officer Woolum to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 9, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT