UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR L. JORDAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-518-JD-MGG |
| ANDY HYNEK, et al., | |
| Defendants. | |

OPINION AND ORDER

Victor Lee Jordan, a prisoner without an attorney, is proceeding on two claims. He is proceeding against Captain Andy Hynek for conducting a traffic stop on May 17, 2019, in violation of the Fourth Amendment. ECF 12. He is also proceeding against Field Officer Woolum for causing him to be arrested for escape in the absence of probable cause, in violation of the Fourth Amendment. *Id.* The defendants have moved to stay this case, pursuant to both *Younger v. Harris*, 401 U.S. 37 (1971) and this court's inherent authority, pending resolution of Jordan's related criminal cases in LaPorte Superior Court: *Jordan v. State*, No. 46D04-1802-F6-000187 (filed Feb. 28, 2018) and *Jordan v. State*, No. 46D01-1905-F3-000635 (filed May 20, 2019). After the motion to stay was filed, Jordan was convicted and sentenced in *Jordan v. State*, No. 46D01-1905-F3-000635, which is related to the claim proceeding against Captain Hynek. *Jordan v. State*, No. 46D04-1802-F6-000187, which is related to Jordan's claim against Officer Woolum, remains pending.

*Younger* abstention applies to "federal claims for damages, where the federal claims 'are potentially subject to adjudication' in the state criminal proceeding and thus could 'interfere' with the state criminal proceeding." *Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120, at *2 (N.D. Ill. Sept. 1, 2004) (quoting *Simpson v. Rowan*, 73 F.3d 134, 137-39 (7th Cir. 1995)). The *Younger* doctrine provides that a court must abstain from proceeding with the federal claims if:

> (1) there is an ongoing state proceeding that is judicial in nature; (2) the state proceeding implicates important state interests; (3) there is an adequate opportunity in the state court proceeding to raise the constitutional challenge presented in the federal claims; and (4) there are no extraordinary circumstances that would render abstention inappropriate.

*Trevino v. Drew Tittle*, No. 1:09-CV-248RM, 2009 WL 3153754, at *3 (citing *Forty One News v. Cnty. of Lake*, 491 F.3d 662, 665 (7th Cir. 2007); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002)).

Here, there is an ongoing criminal proceeding in State court. That proceeding implicates an important state interest: namely, the prosecution of alleged criminal activity. *See Trevino*, 2009 WL 3153754, at *4. Jordan can raise the constitutional issues he is raising here – a lack of probable cause - in that proceeding. And, despite Jordan's assertion to the contrary, no extraordinary circumstances are present here. Thus, *Younger* abstention applies, and a stay is appropriate.

Even if *Younger* were inapplicable, this court has inherent power to stay this case where it may interfere with a related criminal case. *Horton v. Pobjecky*, No. 12 C 7784, 2013 WL 791332, at *3 (N.D. Ill. Mar. 4, 2013); *Doe v. Cnty of Milwaukee*, No. 14-C-200,

2014 WL 3728078, at *5 (E.D. Wis. July 29, 2014) (collecting cases). In determining whether to stay civil proceedings because of a pending criminal action, a court may consider:

> (1) whether the two actions involve the same subject matter, (2) whether the two actions are brought by the government, (3) the posture of the criminal proceeding, (4) the public interests at stake, (5) the plaintiff's interests and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants.

*Horton*, 2013 WL 791332, at 3 (quoting *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005)).

Jordan's allegations here stem at least in part from the same events as the pending state criminal action. His criminal case is expected to be resolved in just a few months (according to the docket, the trial is scheduled as a primary setting in May of 2021, and as a secondary setting in April of 2021) , so the stay should be fairly brief. While Jordan has an interest in adjudicating this matter promptly, that interest is outweighed by the public interest in ensuring "that the criminal process can proceed untainted by civil litigation." *Hare v. Custable*, No. 07-CV-3742, 2008 WL 1995062, at *2 (N.D. Ill. May 6, 2008). Proceeding here could have implications for Jordan's privilege against self-incrimination and "circumvent the restrictions on criminal discovery." *Cnty of Milwaukee*, 2014 WL 3728078, at *6. Thus, consideration of these factors likewise demonstrates that a brief stay to permit the pending criminal matter to be resolved is appropriate, and the motion will therefore be granted.

Additionally, Jordan filed a motion asking the court to subpoena all evidence the prosecution possess related to the criminal case pending under Cause No. 46D01-1905-F3-000635. ECF 57. The Federal Rules of Civil Procedure authorize the court to issue subpoenas for the production of electronically stored information and tangible things on non-parties. Fed. R. Civ. P. 45. Though items subject to discovery in his criminal case may be relevant to his claims, Jordan has not explained why he was unable to obtain the relevant materials through the discovery process when the criminal case was pending or by directing requests for production pursuant to Fed. R. Civ. P. 34 to the defendants in this case and serving the requests on defendants' counsel of record. Absent such an explanation, the court declines to issue a non-party subpoena. Therefore, the motion will be denied. Once the stay is lifted, Jordan will have an opportunity to seek discovery in this case.

For these reasons, the court:

(1) DENIES Victor L. Jordan's request for a subpoena (ECF 57);

(2) GRANTS the motion to stay proceedings (ECF 52); and

(3) when the pending criminal matter is resolved, the Defendants are ORDERED to file a status report within fourteen days so advising the court.

SO ORDERED this January 28, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge