UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

    Plaintiff,

v.                              CAUSE NO. 3:19-CV-518-MGG

ANDY HYNEK, et al.,

    Defendants.

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 12. First, he is proceeding "against Captain Andy Hynek in his individual capacity for monetary damages for conducting a traffic stop on May 17, 2019, in violation of the Fourth Amendment[.]" *Id.* at 8. Second, he is proceeding "against Field Officer Woolum in his individual capacity for monetary damages for causing him to be arrested for escape in the absence of probable cause, in violation of the Fourth Amendment[.]" *Id.* The defendants filed a motion for summary judgment. ECF 81. Jordan filed a response. ECF 84. The defendants have not filed a reply, and the time for doing so has expired. The court will now rule on the defendants' motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

<u>*Capt. Hynek*</u>

Jordan is proceeding against Capt. Hynek "for conducting a traffic stop on May 17, 2019, in violation of the Fourth Amendment[.]" ECF 12 at 8. Specifically, Jordan alleged in his complaint that Capt. Hynek pulled him over due to the tint of his car windows, which were in fact legal. ECF 1 at 5. Jordan became frightened during the traffic stop and drove away. *Id.* Law enforcement apprehended and searched Jordan and found him to be in possession of a small amount of cocaine. *Id.* at 6; ECF 81-10 at 2. Jordan was charged with possession of cocaine and convicted of the charge in *Jordan v. State*, No. 46D01-1905-F3-000635. ECF 81-1 at 3; ECF 81-10 at 2.

Capt. Hynek argues summary judgment is warranted in his favor because the undisputed evidence shows his traffic stop was lawful. ECF 82 at 6. "Police can stop an automobile when they have probable cause to believe that the driver violated even a

2

minor traffic law." *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006). "Probable cause exists when an officer reasonably believes that a driver committed a traffic offense." *Id.* "[T]he constitutional reasonableness of traffic stops [does not depend] on the actual motivations of the individual officers involved." *Whren v. United States*, 517 U.S. 806, 813 (1996); *see also McDonald*, 453 F.3d at 961–62 (An officer has probable cause for a traffic stop when he has an "objectively reasonable" basis to believe a traffic law has been violated).

Under Indiana law, vehicle windows may not be tinted "with material that has a total solar reflectance of visible light of more than twenty-five percent (25%) as measured on the nonfilm side and light transmittance of less than thirty percent (30%) in the visible light range." I.C. § 9-19-19-4. Moreover, "a vehicle may be stopped to determine compliance" with the statute governing window tinting. *Id.*

Here, it is undisputed Capt. Hynek initiated a traffic stop and issued Jordan a citation for improper window tinting. ECF 81-3. Jordan argues Capt. Hynek lacked probable cause to initiate the traffic stop because the tint on his windows was legal, as they were tinted 20% all the way around. ECF 1 at 5; ECF 84 at 1. However, because Jordan's window tint was near the legal limit, Capt. Hynek had an objectively reasonable basis to initiate a traffic stop to determine Jordan's compliance with the window tinting statute. Accordingly, because the record shows Capt. Hynek had an objectively reasonable basis to believe Jordan had violated Indiana's window tinting statute, no reasonable jury could conclude his traffic stop violated Jordan's Fourth Amendment rights.

*Field Officer Woolum*

Jordan is proceeding against Field Officer Woolum "for causing him to be arrested for escape in the absence of probable cause[.]" ECF 12 at 8. Specifically, Jordan alleged in his complaint that he was released from jail subject to monitoring with a tracking bracelet. ECF 1 at 9. At some point, he was court ordered to attend a mental competency examination for three days. *Id.* When Jordan reported for that exam, Field Officer Woolum drafted an incident report that caused him to be arrested for escape, even though Field Officer Woolum knew where he was. *Id*.

The Fourth Amendment is violated if an officer requesting a warrant "knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012).

Field Officer Woolum argues summary judgment is warranted in his favor because he did not make any false statements in his incident report. ECF 82 at 7-8. Specifically, Field Officer Woolum offers an incident report dated February 26, 2018, which both parties agree is the operative incident report in this action. ECF 81-9 at 1; ECF 84 at 1. In the February 26 incident report, Field Officer Woolum reported that: (1) Jordan had not answered a phone call from Field Officer Woolum on February 23, 2018, and his GPS unit was not charged at that time; (2) Jordan failed to report for C.A.B. on February 21, 2018; and (3) Jordan had not been charging his GPS unit, which left Field Officer Woolum unable to check his location. ECF 81-9 at 1. Field Officer

4

Woolum also provides Jordan's medical records, which indicate he was admitted to Options Behavioral Health System for his mental competency examination on February 27, 2018, and discharged on March 2, 2018. ECF 81-11. Jordan does not dispute the contents of these medical records. ECF 84.

Here, Jordan provides no evidence Field Officer Woolum made any false statements that caused him to be arrested for escape. Specifically, Jordan alleged in his complaint that Field Officer Woolum falsely accused him of escape despite knowing he was attending a mental competency evaluation, but the undisputed evidence shows the relevant incident report was unrelated to the mental competency evaluation and was submitted before the mental competency evaluation began. In the February 26 incident report, Field Officer Woolum reported Jordan had failed to report for C.A.B. on February 21, failed to answer a phone call on February 23, and failed to keep his GPS unit charged, all of which was required of Jordan under his GPS unit monitoring agreement. ECF 81-5. Jordan provides no evidence Field Officer Woolum made any false statements in his February 26 incident report or submitted any other incident report relevant to this lawsuit. Based on this evidence, no reasonable jury could find Officer Woolum violated Jordan's Fourth Amendment rights.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 81); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Victor L. Jordan.

SO ORDERED on March 23, 2022

        s/Michael G. Gotsch, Sr.
_____
Michael G. Gotsch, Sr.
United States Magistrate Judge